IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00392-FDW
(3:11-cr-00374-FDW-6)

| | |
|---|---|
| COLEY SCAGLIARINI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed.

I.        BACKGROUND

On September 19, 2012, Petitioner, who was a licensed real estate broker, and several others in various professions, were indicted by the grand jury in this District on multiple counts related to a mortgage fraud conspiracy which was alleged to have begun in late 2005 and continued into 2008. The conspiracy involved attorneys who falsified HUD-1 Settlement Statements, mortgage brokers who facilitated the fraudulent sales, bank insiders who assisted in securing the loans, and straw buyers of residential homes. (3:11-cr-00374, Doc. No. 19: Second Superseding Indictment).

As is relevant to this collateral proceeding, members of the conspiracy organized the sale of a property located at 1615 Lookout Circle in Waxhaw, North Carolina, for $1,500,000 to a person identified as "L.J." A mortgage in the full amount of the purchase price was obtained following the submission of a HUD-1 Settlement Statement which contained, among other

1

things, a falsified purchase price, and a false representation that L.J. paid $29,974.72 in cash at the closing. On or about July 5, 2007, nearly three months after the closing on the 1615 Lookout Circle property, Petitioner participated as the mortgage broker in a scheme to flip the property. The buyer was identified as "D.P." and the sale price was listed as $1,600,000. Again, the HUD-1 Settlement Statement contained a number of false statements including a false purchase price; a false representation that D.P. would live in the property and that D.P. had a monthly income of over $29,000; and that D.P. remitted $160,000 in earnest money when in fact he had not. Initially payments were made on the loan that was obtained from the bank but the property later fell into foreclosure and was sold at a substantial loss of over $800,000.

Petitioner also participated as a promoter and buyer for a property located at 5037 Oxfordshire in Waxhaw, on January 18, 2008. A loan in the amount of $1,202,500 was secured using Petitioner's identity. The loan application contained numerous false statements including inflated income information and a representation that the property would serve as Petitioner's primary residence. Although Petitioner made payments on the loan for more than a year, the property eventually was placed in foreclosure and sold for $430,000 in September 2009, which resulted in a loss of $772,500.[1]

On December 31, 2012, Petitioner entered into a written plea agreement in which he agreed to plead guilty to one count of mortgage fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count One), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Three). In the plea agreement, Petitioner expressly agreed that for his role in the conspiracy he was responsible for a loss in excess of $1,000,000 but less than

---

[1] The evidence regarding the sale of the 1615 Lookout Circle and 5037 Oxfordshire properties was contained in Petitioner's presentence report ("PSR") which was adopted by the Court for all purposes of sentencing. (Id., Doc. No. 129: PSR ¶¶ 14-17).

$2,500,000, and that a two-level enhancement should be applied under § 3B1.3 of the U.S. Sentencing Guidelines Manual ("USSG") because he abused a position of trust in the conspiracy for his role in obtaining fraudulent loans as a real estate broker. (Id., Doc. 63: Plea Agreement ¶ 6(b)).

On January 4, 2013, Petitioner appeared for his Plea and Rule 11 hearing and he was placed under oath. Petitioner averred that he understood the elements of Counts One and Three and the penalties he faced upon conviction and he admitted that he was in fact guilty of the charged counts. The Government summarized the terms of the plea agreement, including the applicability of the § 3B1.3 enhancement, and Petitioner averred that he understood and agreed with the terms of his plea agreement. Finally, Petitioner swore that no one had promised him any particular sentence and that he was satisfied with the services of his attorney. Petitioner's answers to the questions posed by the court were presented to him to review and he signed the acceptance of plea form indicating that the answers that he provided were true. The court found that Petitioner's plea was knowing and voluntary and it was accepted and recorded. (Id., Doc. No. 64: Acceptance and Entry of Guilty Plea).

In Petitioner's presentence report, the probation officer calculated a base offense level of 23 and applied a one-level enhancement for his participation in the mortgage fraud conspiracy, and a two-level enhancement pursuant to USSG § 3B1.3 for abusing a position of trust as a real estate broker and using his special skill as a broker in the conspiracy. Based on a total offense level of 23 and a criminal history category of I, Petitioner's Guideline range was 46-57-months' imprisonment. On January 31, 2014, Petitioner appeared for his sentencing hearing. The Court found that there was a factual basis to support his guilty plea and that Petitioner's plea was knowingly and voluntarily entered during the Rule 11 hearing and the plea was therefore

reaffirmed. The Court also found that the two-level enhancement for abuse of trust under § 3B.1.3 applied based on Petitioner's sworn admissions and the offense conduct contained in the presentence report. Petitioner was sentenced to a term of 46-months' imprisonment and he did not appeal. (Id., Doc. No. 142: Judgment).

In his § 2255 Motion, Petitioner raises one claim of ineffective assistance of counsel contending that his counsel should have challenged the two-level enhancement for abuse of trust under USSG § 3B1.3. Petitioner's claim will be considered below.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on

4

ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Petitioner's claim fails here for two reasons. First, Petitioner agreed in his plea agreement that the § 3B1.3 enhancement should apply to the calculation of his Guideline range and Petitioner was examined regarding the contents of his plea agreement and he averred that he understood and agreed with its terms. A petitioner is bound by his sworn statements which he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge to the application of the two-level enhancement must fail. See, e.g., Blackledge v.

5

Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Second, this Court considered the offense conduct as detailed in the presentence report and accepted the evidence as reliable. In order for the abuse of trust enhancement to apply, the Fourth Circuit considers several factors:

> (1) whether the defendant had either special duties or "'special access to information not available to other employees'"; (2) the extent of discretion the defendant possesses; (3) whether the defendant's acts indicate that he is "'more culpable' than others" who are in positions similar to his and who engage in criminal acts; and (4) viewing the entire question of abuse of trust from the victim's perspective.

United States v. Akinkoye, 185 F.3d 192, 203 (4th Cir. 1999), cert. denied, 528 U.S. 1177 (2000) (citing United States v. Gordan, 61 F.3d 263, 269 (4th Cir. 1995)).[2]

There is but no question that Petitioner's conduct in serving as a real estate broker, utilizing this special skill, and knowingly participating in the mortgage fraud conspiracy – which involved the knowing submission of fraudulently executed documents in an effort to obtain a loan, close a real estate transaction and turn an illegal profit – abused a position of trust. Petitioner's attempt to minimize the importance of his training as a real estate broker because he only attended a one-day seminar and studied written materials is unavailing, particularly because Petitioner admits that he "subsequently took and passed the licensing exam" which special license he then utilized in the mortgage fraud conspiracy. (3:15-cv-00392, Doc. No. 1: Petitioner's Mem. at 20-21).

---

[2] In Akinkoye, the Court upheld an abuse of trust enhancement for a real estate agent. Id. at 203-05.

In sum, Petitioner's claim is actually that this Court erred in applying the enhancement but in any event, even if his attorney had objected the Court still would have concluded that the enhancement should apply. Accordingly, Petitioner cannot demonstrate prejudice under <u>Strickland</u>.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion is without merit and it will be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: August 28, 2015

Frank D. Whitney
Chief United States District Judge